UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-02131-MJ-D'Angelo

UNITED STATES OF AMERICA

v.

LUIS CARLOS ORTIZ-RUEDA,

    Defendant.
_____/

FILED BY OG D.C.

Jan 26, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/Jackson K. Dering V
Jackson K. Dering V
Assistant United States Attorney
Fl Bar ID: A5503449
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
(786) 239-9274
Jackson.Dering@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
| | ) Case No. 26-02131-MJ-D'Angelo |
| LUIS CARLOS ORTIZ-RUEDA, | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 20, 2026__ in the county of __Miami-Dade__ in the
__Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| Title 8, United States Code, Section 1326(a) | Reentry of a Removed Alien |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Jayden W. Richards, Border Patrol Agent CBP
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time

Date: 1/26/2026

_____
Judge's signature

City and state: Ft. Lauderdale, Florida       Honorable Detra Shaw-Wilder, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jayden W. Richards, being duly sworn, attest and affirm the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Border Patrol Agent with U.S. Customs and Border Protection ("CBP") and have served in this capacity for over nineteen (19) years. As a Border Patrol Agent ("BPA"), my duties include the detection, interdiction, and apprehension of individuals attempting to enter the United States illegally, as well as those who are unlawfully present within the United States. My current responsibilities also include investigating and pursuing prosecution of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal statutes.

2. This Affidavit is submitted in support of a Criminal Complaint charging **LUIS CARLOS ORTIZ-RUEDA** ("ORTIZ") with Illegal Reentry by Deported Alien, in violation of Title 8, United States Code, Section 1326(a).

3. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. This Affidavit does not represent every fact law enforcement knows about this investigation but is submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint against ORTIZ.

### PROBABLE CAUSE

4. On January 20, 2026, at approximately 3:30pm, Border Patrol Agents encountered ORTIZ while performing over-the-road patrol duties in Miami-Dade County, Florida, in the Southern District of Florida. Agents were engaged in targeted enforcement activities focusing on vehicles whose registered owners do not possess a valid driver's license, a known indicator commonly associated with immigration violations. Agents observed and ran checks on a black

Ram Pickup truck, bearing Florida license plate "HHCS48". Record checks returned to a registered owner, identified as ORTIZ, a Colombian citizen with immigration history. Based on this information, agents initiated a traffic stop for the purpose of an immigration inspection.

5. During the stop, agent questioned the driver, identified as ORTIZ, and conducted extensive record checks in the field using various CBP Applications/databases. This revealed that on or about July 31, 2003, ORTIZ was ordered removed by an immigration judge ("IJ") out of Oakdale, Louisiana. As a result, on or about August 25, 2003, ORTIZ was physically removed from the United States to Colombia through Alexandria, Louisiana pursuant to the IJ's Order of Removal.

6. Records checks show that on or about February 15, 2022, ORTIZ had illegally reentered the United States by crossing the U.S./Mexico international boundary near San Luis, Arizona at a time and place other than as designated by the Secretary of Homeland Security. As a result, ORTIZ was arrested by Border Patrol Agents assigned to the Yuma, Arizona Border Patrol Station (YUS). While at YUS, Border Patrol Agents reinstated the Prior Order of Removal against ORTIZ and remanded him to U.S. Immigration and Customs Enforcement (ICE) custody.

7. On or about February 25, 2022, ICE released and placed ORTIZ in the Alternative to Detention (ATD) Program due to a chronic medical condition and lack of space.

8. On or about March 15, 2022, ICE terminated ORTIZ's participation in the ATD Program, thereby rendering him an ICE fugitive.

9. Based on this information, ORTIZ was arrested and transported to the Dania Beach, Florida Border Patrol Station ("PPF") for further investigation and processing.

10. At PPF, ORTIZ's biometrics were entered into the CBP's Automated Biometric Identification System (IDENT), which confirmed that his fingerprints and the retina of his eyes

matched those of a previously deported alien. Additionally, agents found multiple photographs on the systems that are consistent with ORTIZ's current appearance.

11. After reviewing immigration records for ORTIZ, I have determined that he did not have the consent of the Attorney General of the United States or his/her successor, the Secretary of Homeland Security to apply for readmission to the United States, following his removal on August 25, 2003.

12. Pursuant to INA § 241(a)(5), CBP has determined that ORTIZ is subject to a final order of removal and subsequently unlawfully reentered the United States after having been removed on August 25, 2003, under that order. Accordingly, the prior order of removal has been reinstated against ORTIZ without further adjudication.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

13. Based on the foregoing facts, I respectfully submit that probable cause exists to believe that on January 20, 2026, ORTIZ was an alien found voluntarily in the United States having been previously removed from the United States, without having received consent from the Attorney General or Secretary of DHS to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JAYDEN W. RICHARDS
BORDER PATROL AGENT
U.S. CUSTOMS AND BORDER PROTECTION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 26th day of January 2026.

_____
HONORABLE DETRA SHAW-WILDER
UNITED STATES MAGISTRATE JUDGE